IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.  9:14-cv-81250-KAM

MARTIN E. O'BOYLE,

    Plaintiff,

v.

ROBERT A. SWEETAPPLE and
TOWN OF GULF STREAM,

    Defendants.
_____/

**DEFENDANT, TOWN OF GULF STREAM'S,
RESPONSE TO DESOUZA'S MOTION TO WITHDRAW**

The Defendant, TOWN OF GULF STREAM ("Town"), by and through its undersigned attorneys, responds in opposition to the Motion to Withdraw [DE 96] ("Motion") filed by Daniel DeSouza, Esq. ("DeSouza"), and states as follows:

1. The Motion represents another attempt by the Plaintiff, MARTIN O'BOYLE ("O'Boyle"), to manipulate the legal system and harass the Town's representatives. The Town requests that O'Boyle be required to engage new counsel before additional discovery is taken in this matter.

2. This case has been pending since September 15, 2014. O'Boyle sued Town Mayor Scott Morgan ("Mayor Morgan") and co-defendant ROBERT SWEETAPPLE ("Sweetapple") for slander, slander per se, First Amendment retaliation under 42 U.S.C. § 1983, "civil conspiracy," conspiracy to commit slander, and conspiracy to commit First Amendment retaliation.  See DE 1.

3. Since September 2014, O'Boyle has amended his claims twice, Mayor Morgan has been dismissed as a party, and the Town has been added as a party. The discovery deadline has also been extended twice.

4. O'Boyle relied upon DeSouza as his attorney the entire time.

5. Now, less than a month before the June 8, 2016, discovery deadline, DeSouza seeks to withdraw so that O'Boyle can represent himself. Granting such relief means that O'Boyle will personally take the depositions of Mayor Morgan and Sweetapple, and use both opportunities to engage in the kind of behavior that has been the subject of numerous past disputes between the parties.

6. To avoid a manipulation of the judicial system and to protect the rights of the Town's representatives, the Town requests that the Court deny the Motion without prejudice. O'Boyle should be required to engage an attorney admitted to practice in the Southern District of Florida before discovery is allowed to proceed.

7. The tactical nature of O'Boyle's plan is revealed by DeSouza's continued representation of O'Boyle in numerous other pending cases. For example, the alleged conflict prompting DeSouza's withdrawal in this matter has not affected the attorney-client relationship between DeSouza and O'Boyle in <u>O'Boyle v. Town of Gulf Stream</u>, Case No. 2015CA001498 AI, a case now pending in the Fifteenth Judicial Circuit for Palm Beach County, Florida. The state court docket system lists additional cases involving the same attorney-client relationship between O'Boyle and DeSouza, but with no similar efforts to withdraw.

8. Given this context, the Motion is revealed as an artifice. O'Boyle simply wants new opportunities to engage in face-to-face mistreatment of the Town's witnesses. This Court and the Eleventh Circuit have granted fee awards to address improper targeting efforts by O'Boyle on prior occasions. See O'Boyle v. Thrasher, et al., Case No. 9:14-cv-81248-DTKH, DE 39, 40 (S.D. Fla.)(awarding attorney's fees and costs under 42 U.S.C. §1988 for the filing of unfounded claims); O'Boyle v. Trasher, et al., Case No. 15-13698-DD (11th Cir. 2016)(affirming award of attorney's fees and costs under 42 U.S.C. §1988 for the filing of a unfounded claims). If O'Boyle is not represented by attorneys who have more at stake than the ample checking account of their client, O'Boyle will again engage in abusive conduct.

9. Last week's events serve to illustrate the Town's concerns. O'Boyle recently communicated a desire to depose the Town's Vice Mayor, Robert Ganger, a witness whose involvement in events framed by the Second Amended is marginal, at best. Without coordinating a date or time with the opposing attorneys, a subpoena was issued for Vice Mayor Ganger's video deposition on May 19, 2016 (the subpoena has not yet been served). In keeping with his normal method of litigating, O'Boyle set Vice Mayor Ganger's deposition on short notice simply to harass Vice Mayor Ganger under the guise of conducting a legitimate deposition.

10. Indeed, O'Boyle engaged in similar conduct in another case. During a March 26, 2014, deposition of Mayor Morgan in a state court case, O'Boyle terminated his attorney during the deposition and then attempted to proceed, pro se, with the questioning of the Town's mayor (Mayor Morgan). A true and accurate copy of the March 26, 2014, deposition is attached hereto as **Exhibit "A."**

11.     O'Boyle's inclinations toward vindictiveness is independently confirmed by the language he adopted previously when communicating his thoughts about the Town's representatives, including Mayor Morgan and Sweetapple: "Mayor Morgan Is a Putz and an Ass"; "America's Biggest Loser – Mayor Scott Morgan"; "GS Mayor Morgan Is a Wimpy Little Turd"; "Bob Sweetapple Lay Smelly Farts"; "Mayor Scott Morgan is a Douche Bag." Without an attorney engaged to temper O'Boyle's worst inclinations, the Town's witnesses will be subjected to similar abusive conduct during their depositions.

12.     Granting O'Boyle leave to proceed without an attorney will also have the domino effect of requiring extensions of the June 8, 2016, discovery deadline and the June 24, 2016, dispositive motion deadline. Before filing the Motion, DeSouza and the attorneys for the Defendants were in the process of finalizing a discovery schedule. Once DeSouza withdraws, direct communications with O'Boyle is not likely to yield the kind of cooperative interaction needed to meet the Court's deadlines. At a minimum, the Town will be seeking relief with respect to the unilaterally-set deposition of Vice Mayor Ganger.

13.     In light of DeSouza's continued representation of O'Boyle in other litigated matters, and in light of the harm to be avoided (as demonstrated by O'Boyle's less-than-professional conduct in the past), the Town requests that DeSouza's Motion be denied without prejudice. Allowing O'Boyle to engage in self representation at this late stage in the proceedings only rewards O'Boyle for engaging in well-planned manipulation.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this **10th** day of May 2016, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

>*/s/   Hudson C. Gill*
>JEFFREY L. HOCHMAN
>FLA. BAR NO. 902098
>HUDSON C. GILL
>FLA. BAR NO. 15274
>Attorneys for Defendant, Town
>JOHNSON, ANSELMO, MURDOCH,
>BURKE, PIPER & HOCHMAN, PA
>2455 E. Sunrise Blvd., Suite 1000
>Fort Lauderdale, FL 33304
>Tel: 954-463-0100;    Fax: 954-463-2444
>Hochman@jambg.com
>Hgill@jambg.com

## SERVICE LIST

**Attorneys for Plaintiff:**
Daniel DeSouza, Esq.
DESOUZA LAW, P.A.
101 NE Third Avenue, Suite 1500
Fort Lauderdale, FL 33301
(954) 603-1340 - Telephone
Ddesouza@desouzalaw.com
cgellman@bplegal.com

**Attorney for Co-Defendant, Robert Sweetapple, Esq.:**
Joshua A. Goldstein, Esq.
Barry Postman, Esq.
COLE, SCOTT & KISSANE
1645 Palm Beach Lakes Boulevard
Second Floor
West Palm Beach, Florida  33401
(561) 681-5523 - Telephone
(561) 683-8977 - Facsimile
Joshua.Goldstein@csklegal.com
barry.postman@csklegal.com
patricia.neal@csklegal.com

**Attorneys for Defendant, Town of Gulf Stream:**
Jeffrey L. Hochman, Esq.
Hudson C. Gill, Esq.
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, P.A.
2455 East Sunrise Boulevard
Suite 1000
Fort Lauderdale, Florida 33304
(954) 463-0100 - Telephone
(954) 463-2444 - Facsimile
hochman@jambg.com
hgill@jambg.com