UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 14-cv-81250-MARRA/MATTHEWMAN

MARTIN O'BOYLE,

Plaintiff,

v.

ROBERT A. SWEETAPPLE and
TOWN OF GULF STREAM,

Defendants.

_______________________________________/

FILED by ___ D.C.
JUN 30 2016
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF AUDIO-VIDEO RECORDINGS OF DEPOSITIONS [DE 111]**

THIS CAUSE is before the Court upon Defendant, Town of Gulf Stream's ("Defendant") Motion to Compel Production of Audio-Video Recordings of Depositions ("Motion") [DE 111]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 17. Plaintiff, Martin E. O'Boyle ("Plaintiff") has filed a Response to the Motion [DE 134], and Defendant has filed a Reply [DE 158]. The Court has reviewed the Motion, Response, and Reply, as well the entire docket in this case.

## I. BACKGROUND

In the Motion, Defendant explains that Plaintiff has noticed every deposition he has taken in this case as a "video deposition" and that he has audio-video recorded the depositions himself using personal recording cameras. [DE 111, p. 1]. According to Defendant, Plaintiff has also audio-video recorded the depositions noticed by other parties even if the depositions were not

actually noticed as video depositions.[1] *Id.* Defendant now wants copies of the audio-video recordings of all of the depositions which Plaintiff personally videotaped. *Id.* at p. 2. To that end, on May 31, 2016, Defendant served upon Plaintiff a request for copies of the various audio-video recordings of the depositions pursuant to Federal Rule of Civil Procedure 30(f)(3) and also served a request for production of the recordings pursuant to Federal Rule of Civil Procedure 34. *Id.* When Plaintiff refused to provide copies of the audio-video recordings, Defendant filed this Motion on June 3, 2016. *Id.* According to Defendant's Motion, Plaintiff has refused to produce the recordings on the basis that they are protected by the work-product privilege and the protection afforded by Rule 26(b). *Id.* Defendant argues that the work-product privilege does not apply here and that Plaintiff should be compelled to produce the recordings pursuant to the Federal Rules of Civil Procedure. *Id.* at pp. 3-4.

In Response, Plaintiff contends that he is not an "officer" as the term is used in Federal Rule of Civil Procedure 30 or a professional videographer, so he should not be required to produce the recordings pursuant to a rule that does not apply to him. [DE 134, pp. 1-3]. Plaintiff next asserts that, if the Court finds that he must provide the recordings to Defendant, then Defendant should be directed to pay for the copies of the recordings. *Id.* at p. 3. Plaintiff points out that the depositions were recorded by a stenographer and that Defendant can obtain a transcript from that individual. *Id.* He contends that the recordings are protected by the work-product privilege as they were created to aid him in preparing for trial. *Id.* Finally, Plaintiff asserts that Defendant has violated Local Rule 26.1(d) because Defendant did not serve its request for copies and request for production until May 31, 2016, so the responses were due after the June 8th discovery cut-off. *Id.* at pp. 3-4.

---

[1] All depositions were also stenographically recorded by a court reporter.

In Defendant's Reply, it argues that the "plain language of Rule 30(f)(3) contemplates that the Recordings be available to all parties in the litigation including the Town" and that Plaintiff's "decision to forego the use of an independent videographer places upon him the obligation to make those recordings available to the other side." [DE 158, pp. 1-2]. Defendant also asserts that the work-product doctrine is inapplicable and that Defendant moved diligently to obtain the recordings. *Id.* at p. 2. Defendant points out that all but one of the recorded depositions occurred after May 24, 2016—less than 30 days before the discovery cut-off date—so it could not have served a request for production for which responses would be due prior to the discovery cut-off date. *Id.* at pp. 2-3. Defendant represents that it does not oppose paying reasonable copying costs. *Id.* at p. 2.

## II. <u>ANALYSIS</u>

Had the parties acted professionally and courteously with one another, they would have—at the outset of the depositions—discussed the recording issue and made a good faith attempt to agree on the audio-video recording procedure, who would perform the recordings, the availability of the recordings to all parties upon request, and payment of the costs of duplication. Instead, it appears that Plaintiff simply decided to record the depositions himself, no party lodged an objection at the time of the depositions, and no party sought to present the issue to the Court at or before the taking of the depositions. Now, of course, there is a dispute which the Court is called upon to resolve.

Fed.R.Civ.P. 30(b)(3) states in relevant part as follows:

(3) Method of Recording.

> (A) Method Stated in the Notice. The party who notices the deposition must state in the notice the method for recording the testimony. Unless the court orders otherwise, testimony may be recorded by audio,

> audiovisual, or stenographic means. The noticing party bears the recording costs. Any party may arrange to transcribe a deposition.
>
> (B) Additional Method. With prior notice to the deponent and other parties, any party may designate another method for recording the testimony in addition to that specified in the original notice. That party bears the expense of the additional record or transcript unless the court orders otherwise.

Fed. R. Civ. P. 30(b)(3). Under this Rule, the party who notices the deposition must state the method of recording. The last sentence of Rule 30(b)(3)(A), which states that "[a]ny party may arrange to transcribe a deposition", indicates that any party may obtain a transcript of the deposition in the manner utilized by the party taking the deposition. That is, if the party who notices the deposition states that it will be taken by stenographic means, then any party should be able to obtain a copy of the court reporter's transcript of the deposition. Likewise, if the party who notices the deposition states that it will be taken by stenographic means and video, then any party should be able to obtain obtain both a copy of the court reporter's transcript and a copy of the video recording. The Court has found no cases which address the precise issue raised in this matter, probably because it is so clear that all parties are entitled to a court reporter's transcript and audio-video recording of a video deposition taken in a case. The fact that Plaintiff decided to personally audio-video record the depositions he noticed as video depositions in this case, instead of hiring a professional stenographer, does not change this result.

Further, Federal Rule of Civil Procedure 30(f)(3) requires that "[u]nless otherwise stipulated or ordered by the court, the officer must retain…a copy of the recording of a deposition taken by another method. When paid reasonable charges, the officer must furnish a copy of the transcript or recording to any party or the deponent." Fed. R. Civ. P. 30(f)(3). In this case, the audio-video recordings were made by Plaintiff, and he argues that he is a party, not an officer, and

therefore he does not have to provide the audio-video recordings. Plaintiff is correct that the Rule uses the term "officer" and not "party." This is because, in most situations, parties do not record their own video depositions. And when they do attempt to do so, the opposing party typically objects, and the matter is resolved by the Court before the deposition proceeds. *See, e.g., C.G. v. Winslow Twp. Bd. of Educ.*, Civil No. 13-6278 (RBK/KMW), 2015 WL 3794578 (D. N.J. June. 17, 2015) (after plaintiff sent notice of a video deposition to defendant but did not state that plaintiff's counsel would personally record the deposition, defendant's counsel objected, and the court ruled that plaintiff's attorney was barred from personally videotaping the deposition); *Schoolcraft v. City of New York,* 296 F.R.D. 231, 240 (S.D. N.Y. 2013) (court barred an attorney from videotaping a deposition even though an official court reporter was present where party failed to file a 30(b)(6) notice and the methodology of his recording was suspect); *Cf. Maranville v. Utah Valley Univ.*, No. 2: 11CV958, 2012 WL 1493888, at * 1-2 (D. Utah Nov. 21, 2013) (rejecting argument that plaintiff's counsel could not videotape depositions himself where another officer would be recording the depositions stenographically); *Pioneer Drive, LLC v. Nissan Diesel Am., Inc.,* 262 F.R.D. 552, 555 (D. Mont. 2009) (finding that the Rules "allow, at the very least, counsel to videotape a deposition in concert with a stenographer recording it"). In fact, had Defendant brought the issue to the Court's attention before the depositions began, the Court would have either ordered Plaintiff to use a professional videographer or would have put strict requirements in place, including the availability of all audio-video recordings to all parties, in order to govern the use of a non-professional videographer. This would have prevented the instant dispute from arising as discovery closed in this case.

The Court notes that this is a very unique situation where Plaintiff opted to audio-video record all depositions, whether noticed by him or by another party, with his own camera. Plaintiff

also audio-video recorded the attorneys for the defendants who were present at the depositions. This was a highly unusual procedure. Plaintiff claims that his audio-video recordings of the depositions and the defense attorneys at the depositions constitute work product. As to depositions that Plaintiff noticed as videotape depositions, the work-product doctrine clearly would not protect such recordings. Federal Rule of Civil Procedure 26(b)(3), which governs the work-product doctrine, states that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial or for another party or its representative…." However, the very fact that defense counsel was present for the depositions at issue would vitiate the work-product privilege. These were depositions attended by Plaintiff and defense counsel, and the recordings of the deposition would not fall within the ambit of the work-product privilege as they are non-stop videos of proceedings noticed as video depositions. Not surprisingly, Plaintiff has not cited one case which allows for work-product protection of audio-video recordings from depositions in which one of the parties to the litigation audio-video recorded the deposition.

As to depositions noticed by any of the Defendants, where Plaintiff chose to audio-video record those depositions and the attorneys present at the depositions, Plaintiff has failed to meet his burden of showing that his audio-video recordings are protected by the work product doctrine. "The burden is on the party withholding discovery to show that the documents are protected by the work-product privilege." *Sun Capital Partners, Inc. v. Twin City Fire Ins. Co.*, No. 12-81397-CIV, 2015 WL 1860826, at *4 (S.D. Fla. Apr. 22, 2015) (citing *Milinazzo v. State Farm Ins. Co.,* 247 F.R.D. 691, 698 (S.D. Fla. 2007)). Plaintiff's mere audio-video recording of the entirety of properly noticed depositions and the attorneys present at those depositions does not support his claim of work-product privilege. Again, Plaintiff has not cited a single case which applies

work-product protection to such audio-video recordings of the depositions and counsel in attendance at the depositions.

In summary, since Plaintiff chose to audio-video record the depositions himself rather than hire an expert videographer to do it, he is required to make the audio-video recordings available to Defendant pursuant to the Rules.[2] Such a decision comports with fairness and common sense. It would be unjust to Defendant to deny Defendant copies of the audio-video recordings of the depositions that would have been available for purchase if Plaintiff had hired a professional videographer rather than recording the depositions himself as a cost-saving measure. The Court does agree with Plaintiff's position, however, that Defendant should have to pay the copying or duplication costs of the audio-video recordings pursuant to the Rule, which issue is addressed later in this Order.

The Court notes Plaintiff's argument that Local Rule 26.1(d) precludes the relief sought by Defendant. Southern District of Florida Local Rule 26.1(d) states in relevant part that "written discovery requests and subpoenas seeking the production of documents must be served in sufficient time that the response is due on or before the discovery cutoff date. Failure by the party seeking discovery to comply with this paragraph obviates the need to respond or object to the discovery …." While the Local Rule would apply to the requests for production propounded by Defendant,[3] it would not apply to Defendant's request for copies. First, the actual wording of the Local Rule does not mention a request for copies of transcripts or recordings. Second, there is no

---

[2] The Court notes that, even though the Motion was filed only by Defendant, all defendants in this case are entitled to copies of the audio-video recordings made by Plaintiff.

[3] The Court finds that it is more appropriate for the recordings to be turned over in response to Defendant's request for copies, which is why it has focused its analysis on the request for copies rather than on Defendant's request for production. However, the Court notes that Defendant's request for production did not violate Local Rule 26.1(d) as to the vast majority of the deposition recordings because it would have been impossible for Defendant to propound the request for production more than 30 days prior to the June 8, 2016 discovery cut-off for any deposition that was taken within 30 days of the discovery cut-off.

time period set forth in Federal Rule of Civil Procedure 30(b)(3) or (30)(f)(3) for providing the transcripts or recordings, so the Local Rule could not apply. Third, the Local Rule implicitly anticipates that it takes some time for a party to compile information and/or documents in order to respond to discovery requests and, therefore, the party should be entitled to the full 30 days allowed for by the Federal Rules to respond to discovery without being forced to respond to discovery beyond the discovery cut-off. With regard to a request for copies of audio-video recorded depositions, on the other hand, such items can be quickly copied or duplicated; there is no need for Plaintiff to search for the audio-video recordings. Fourth, if Plaintiff had taken a deposition the day before the discovery cut-off, for example, and the Local Rule applied to the request for a copy of the audio-video recording, it would be impossible for Defendant to obtain the recording. This result would be illogical. The Court will not place form over substance, and instead will require production as sought by Defendant.

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Compel Production of Audio-Video Recordings of Depositions [DE 111] is GRANTED.
2. On or before **July 8, 2016**, Plaintiff shall respond to Defendant's request for copies [DE 111-2] and this Order and shall provide the requested audio-video recordings to Defendant's counsel or to an agreed-upon reputable commercial copy service located in Palm Beach County. The audio-video recordings produced to Defendant shall be complete and shall not be redacted, modified, or altered in any manner whatsoever.
3. Prior to providing the recordings to Defendant, Plaintiff shall notify Defendant's counsel of the actual copy costs incurred in copying the audio-video recordings. These copy or duplication costs must be reasonable and not excessive. No other fees

or costs other than the actual and reasonable copy or duplication costs, and any courier expenses, shall be allowed. Defendant shall then promptly reimburse Plaintiff, within seven (7) days of receipt of the audio-video recordings for the costs of copying or duplicating the audio-video recordings and any reasonable courier fees. If Plaintiff requests what Defendant believes to be unreasonable costs or expensesfor copying or duplicating the recordings, however, Defendant may promptly file a motion with the Court, and the Court will determine the costs issue, if necessary.[4]

4. Plaintiff's request for fees [DE 134, p. 4] is DENIED. Defendant's Motion is granted, and so an award of fees to Plaintiff would be inappropriate.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of June, 2016.

WILLIAM MATTHEWMAN
United States Magistrate Judge

[4] This matter should not require any further court intervention if the parties act reasonably, courteously, and professionally. An alternative procedure that the parties may utilize is as follows: The video recordings can be delivered by Plaintiff to a reputable commercial copy service, the copy service can provide copies or duplicates to Defendant, and Defendant can pay for the actual copy costs directly to the copy service. The Court expects the parties to not bicker over the procedure for production.