UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 14-cv-81250-MARRA/MATTHEWMAN

MARTIN O'BOYLE,

    Plaintiff,

v.

ROBERT A. SWEETAPPLE and
TOWN OF GULF STREAM,

    Defendants.

_____/



FILED by _____ D.C.

JUL 0 5 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO ANSWER QUESTIONS UNDER OATH REGARDING HIS FINANCES [DE 116]

THIS CAUSE is before the Court upon Defendant, Town of Gulf Stream's ("Defendant") Motion to Compel the Plaintiff to Answer Questions under Oath Regarding His Finances or to Strike His Claims for Economic Damages ("Motion") [DE 116]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 17. Plaintiff, Martin E. O'Boyle ("Plaintiff") has filed a Notice of Defendant's Failure to Meet and Confer Prior to Filing the Motion to Compel [DE 118] and a Response to the Motion [DE 153], and Defendant has filed a Reply [DE 165]. The Court has reviewed the Motion, Notice, Response, and Reply, as well the entire docket in this case. The matter is now ripe for review.

### I.    BACKGROUND

In the Motion, Defendant explains that, at his May 16, 2016 deposition, Plaintiff "refused to answer questions regarding his income or business damages despite confirming that he was seeking recovery for alleged economic damages." [DE 116, p. 1]. Defendant asserts that

1

information regarding Plaintiff's finances is relevant in this case since Plaintiff is seeking damages for alleged losses to his income and that Plaintiff should be compelled to answer questions under oath regarding his income and alleged business damages, or, in the alternative, Plaintiff's claim for economic damages should be stricken by the Court. *Id.* at pp. 1-2. Defendant is seeking attorneys costs and fees associated with bringing the Motion pursuant to Federal Rule of Civil Procedure 37(a)(5). *Id.* at p. 2.

In Plaintiff's Notice of Defendant's Failure to Meet and Confer Prior to Filing the Motion to Compel [DE 118], Plaintiff claims that he wanted to cooperate with Defendant and its discovery demands and avoid this Motion, but that Defendant filed its Motion "in the midst of communicating with Plaintiff regarding the Motion to Compel and it appears subsequent to Plaintiff agreeing (with some stipulation) to otherwise acquiesce to Defendant's demands."

In Plaintiff's Response to the Motion, he first asserts that Defendant is not entitled to fees under Rule 37 because Defendant filed the Motion after Plaintiff had already agreed to provide Defendant with relevant information. [DE 153, p. 1]. Plaintiff alleges that the "Town has not made sincere efforts to try and work with me; working with them has proved frustrating and impossible to the point where I am inclined to just deny all their future requests for relief because any attempt to confer just results in further headache and libels." *Id.* at p. 2. Plaintiff explains that he is willing to provide information as it relates to economic damages and that he is claiming damages as follows: "a) those resulting from the non-sale of Plaintiff's investment property located at 16 Hidden Harbour Drive, Gulf Stream, FL 33483…and, b) those increased transactional costs suffered by Plaintiff in connection with a recent loan transaction with a bank." *Id.* at p. 2. Plaintiff states that he will file a supplemental amended response to Defendant's January 19, 2016 Interrogatories that will provide "a complete listing, calculation and back up

2

documentation for the Economic Damages." *Id.* at p. 3. However, Plaintiff maintains that he should not be required to produce records pertaining to his net worth or current income or records of his gross earnings for the last six years as they are irrelevant and are entitled to heightened protection. *Id.* at pp. 3-4. Plaintiff also argues that the Motion should be denied because Defendant's request for information regarding his income and alleged business damages is overbroad and vague and because Defendant failed to properly meet and confer prior to filing the Motion. *Id.* at p. 6.

In Defendant's Reply, it argues that Plaintiff has acknowledged he is seeking economic damages in the form of lost income, so information regarding Plaintiff's income and finances is relevant. [DE 165, pp. 1-2]. Defendant claims that it is "entitled to conduct discovery to determine an economic baseline and to test the validity of O'Boyle's claim of financial loss." *Id.* at p. 2. Next, Defendant asserts that Plaintiff should not be able to select which financial information he will produce to Defendant because this would hamstring Defendant's ability to explore Plaintiff's claim for damages. *Id.* Defendant requests that Plaintiff be compelled to provide better answers to two interrogatories regarding his gross income and the method used in deriving and calculating his economic damages and the documents which support his damages, as well as any documents he would provide to a damages expert. *Id.* In the alternative, Defendant wishes to re-depose Plaintiff regarding his finances. *Id.* at p. 3. With regard to Plaintiff's allegation that Defendant did not properly meet and confer prior to filing the Motion, Defendant explains that it did not file the Motion after Plaintiff had agreed to provide additional information; rather Defendant "filed the Motion only after O'Boyle had failed to respond to two different inquiries issued by the Town. Moreover, O'Boyle has never supplemented his response or made any effort to do so even though the Town engaged in a continuing effort to resolve the issue." *Id.*

3

at p. 4. Finally, Defendant states that it is unable to enter into a confidentiality agreement because it is a municipality subject to the requirements of Florida's Public Records Act. *Id.* at pp. 4-5.

## II. ANALYSIS

In his Third Amended Complaint, Plaintiff made a claim for "direct, incidental and consequential damages, interest, and costs, in an amount to be determined at trial." [DE 108, p. 14]. More specifically, he alleged that, as a result of Defendant Robert Sweetapple's "false and malicious statements, Plaintiff has sustained substantial damages resulting from the loss of reputation, the full amount of which will be established at trial." *Id.* at ¶ 42. He alleged regarding Defendant Town of Gulf Stream, that he incurred damages when his truck was towed because he had to retrieve it and that he "has incurred great damages in the form of garden variety emotional distress, reputation, and economic hardship as a result of the RICO action being filed solely to chill Plaintiff from petitioning from redress in the courts when he feels aggrieved." *Id.* at ¶ 56.

At his May 16, 2016 deposition, Plaintiff was questioned about an interrogatory response in which he wrote that Defendant's retaliatory conduct had caused reputational and business damage in an amount no less than $250,000. [DE 116-1, p. 55, lines 20-24]. Plaintiff responded, "I think socially and business-wise they destroyed me and I think $250,000 is a slap in the face." *Id.* at p. 56, lines 2-4. Plaintiff explicitly stated under oath that he is seeking damages to both his business life and his personal life. *Id.* at p. 56, lines 7-8. He also stated that Defendant had damaged his businesses, of which there are approximately 140. *Id.* at p. 56, lines 14-18, 25; p. 57, line 25. Plaintiff explained that he planned on establishing that his business had been damaged by hiring an expert and that the $250,000 damages figure from his interrogatory response is much too low. *Id.* at p. 57, lines 6-12. Plaintiff stated that he still objected to the interrogatory that dealt

4

with Plaintiff's gross income for the last six years on the basis of relevance. *Id.* at p. 59, lines 8-14.

After Plaintiff repeatedly referred to his plan to hire an expert who will have information about his damages, defense counsel asked Plaintiff who his expert was going to be. [DE 116-1, p. 60, line 2]. Plaintiff responded, "I don't know that we have decided yet. Maybe Obama." *Id.* at p. 60, lines 3-4. The Court notes that Plaintiff refused to answer questions pertaining to the economic damages that he is seeking in this case, stated that he would rely on his expert, and generally exhibited obstructionist conduct. Plaintiff has unnecessarily delayed this matter.

In correspondence Plaintiff sent to defense counsel on June 7, 2016, he stated "I am agreeable to allowing the Town to look at that financial information as necessary for the Town to evaluate damages...Alternatively...I may just agree to eliminate the claim relative to economic damages from my business." [DE 118, Ex. A]. Thereafter, in Plaintiff's Response, he conceded that information directly related to his economic damages is relevant. He appears, at this point, to only object to information regarding his net worth, current income, and gross earnings for the last six years.

Plaintiff's position regarding what information he will provide to Defendant regarding his finances has changed multiple times in this case, and Defendant must be able to defend itself in this matter. Additionally, while Plaintiff has agreed that certain financial information is relevant, more documents are relevant than what he is agreeing to produce. The Court also finds merit in Defendant's concern that Plaintiff might continue to be obstructionist if his deposition is reconvened, and the Court believes that Defendant's proposal in its Reply to resolve this dispute is reasonable. [DE 165, pp. 2-3]. Therefore, the Court will require Plaintiff to provide better answers to the two interrogatories identified by Plaintiff in its Reply. *Id.*

5

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Compel the Plaintiff to Answer Questions under Oath Regarding His Finances or to Strike His Claims for Economic Damages [DE 116] is GRANTED.

2. On or before **July 15, 2016**, Plaintiff shall provide full and complete supplemental responses under oath to Interrogatories #2 and #3 (Defendant's January 19, 2016 Interrogatories) [DE 89-1] regarding his gross income for the last six (6) years and the method used in deriving and calculating his economic damages.  On or before **July 15, 2016**, Plaintiff shall also produce to Defendant the documents to which he refers in his supplemental responses to Interrogatories #2 and #3 which allegedly support his damages, as well as any documents he intends to provide to any damages expert.

3. If Plaintiff's supplemental responses and document production are not sufficient, Defendant may promptly move for sanctions and/or to re-depose Plaintiff about his finances.

4. To the extent that Defendant Robert A. Sweetapple's Notice of Joinder in Defendant Town of Gulf Stream's Motion to Compel [DE 116] is actually a motion for court relief, the motion is GRANTED.

5. The Court reserves jurisdiction on Defendant's request for fees is and costs.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 5th day of July 2016.

WILLIAM MATTHEWMAN
United States Magistrate Judge

6